Aaron W. Baker, OSB No. 922220
Email: aaron@awbakerlaw.com
Serena L. Liss, OSB No. 154799
Email: serena@awbakerlaw.com
BAKER LAW PC
1000 SW Broadway, Suite 2300
Portland, OR 97205
Phone: 503/ 234-8800
Fax: 503/ 525-0650

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

|  |  |
|---|---|
| **DEANNA WHITE**,<br><br>Plaintiff,<br><br>v.<br><br>**RETINA NORTHWEST, PC,**<br><br>Defendant. | Case No. 3:24-cv-00225<br><br>COMPLAINT<br><br>Unlawful Employment Practices<br><br>(29 U.S.C. § 2615;<br>42 U.S.C. § 623;<br>42 U.S.C. § 1981;<br>42 U.S.C. § 12112;<br>ORS 659A.030; ORS 659A.109;<br>ORS 659A.112)<br><br>**DEMAND FOR JURY TRIAL** |

### Nature of the Action

1.

Plaintiff brings this action for monetary relief, damages, costs, punitive damages, liquidated damages, interest, and attorney fees for herself to redress

Page 1 – COMPLAINT

injuries done to her by Defendant, and/or officers, employees, or agents of said
Defendant in contravention of her federally protected rights in violation of 29 U.S.C.
§ 2615; 42 U.S.C. § 623; 42 U.S.C. § 1981; 42 U.S.C. § 12112; and her state protected
rights in violation of Oregon anti-discrimination laws ORS 659A.030;
ORS 659A.109; and ORS 659A.112.

## Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to
42 U.S.C. § 2000 *et seq.*, 28 U.S.C. §§ 1331, 1343, and supplemental jurisdiction over
Plaintiff's state claims pursuant to 42 U.S.C. § 1367 as the state claims arise from
the same nucleus of operative facts as the federal claims.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to
28 U.S.C. § 1391(b) because all or substantially all the events or omissions giving
rise to the claims occurred in this judicial district.

## General Factual Allegations

4.

Defendant Retina Northwest, PC was and is at all material times herein
mentioned a domestic professional corporation with its principal place of business in
Vancouver, Washington.

5.

Plaintiff is and was a resident of Portland, Oregon at all material times
herein.

6.

At all material times herein, Plaintiff was supervised by Defendant's
management, employees, and/or agents and Plaintiff relied on the actual or
apparent authority of Defendant's managers, employees, and/or agents.

///

Page 2 – COMPLAINT

7.

Defendant discriminated against Plaintiff by engaging in and/or allowing a continuing course of conduct, including but not limited to discrimination and harassment, and retaliated against Plaintiff for reporting and opposing said harassment and discrimination, and/or for engaging in various protected activities.

8.

Plaintiff is a Black, African American female who was born in 1964.

9.

Plaintiff suffers from a serious medical condition which affects one or more major life activity. Despite Plaintiff's disability, her perceived disabilities, and/or record of her disabilities, she was able, with or without accommodation, to perform the essential functions of her position with Defendant.

10.

Defendant hired Plaintiff on or about July 18, 2016. At the time of her termination, she worked for Defendant as an Accounts Receivable Specialist in the billing department on a hybrid schedule, working part of the time out of her Portland, Oregon home and part of her time in Defendant's Vancouver office. Plaintiff was good at her job and worked hard for Defendant.

11.

Plaintiff understands that various employees and managers of Defendant expected Plaintiff to conform to gender-based stereotypes and did not like that Plaintiff did not so conform. Specifically, Plaintiff is a confident, direct, and assertive woman who is willing to voice her opinion and/or raise issues with Defendant's management and her coworkers.

12.

During Plaintiff's employment with Defendant, Plaintiff was subjected to severe and/or pervasive discriminatory comments and conduct due to her age, sex,

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

and her race, and in retaliation for engaging in various protected activities. The incidents include but are not limited to the following:

A.    Plaintiff received verbal coaching for her attire when others who had apparently violated Defendant's dress code were not similarly coached. Plaintiff asked Defendant why she was being treated differently from her coworkers.

B.    Plaintiff's coworkers were permitted to yell at, be rude to, and act with hostility toward Plaintiff and other non-Caucasian employees.

C.    Defendant counseled and/or disciplined Plaintiff allegedly because of her work communications with her coworkers.

D.    Defendant disciplined Plaintiff for conduct that her younger Caucasian coworkers were allowed to engage in without discipline.

E.    Some of Plaintiff's coworkers were not friendly toward Plaintiff, spoke negatively about her, and excluded her.

F.    Defendant treated younger Caucasian employees with more leniency regarding their attendance. Conversely, Defendant's management would coach older and/or Black employees when they were late (even by a few minutes).

G.    Plaintiff and another Black employee were personally notified when Defendant terminated a coworker of color while their Caucasian coworkers were not personally notified.

H.    Ordinarily, when Plaintiff's coworkers would go on vacation, employees would cover each other by doing the work of the employee who was out. However, when Plaintiff went on vacation, her coworkers did not cover for her while she was gone.

I.    One of Plaintiff's coworkers would abruptly hang up on Plaintiff while speaking with her on the phone. When Plaintiff reported being hung up on, Plaintiff's supervisor responded that she could not make Plaintiff's coworker apologize.

///

Page 4 – COMPLAINT

J.      When Plaintiff's younger Caucasian coworkers brought their children into the office, their children were allowed to move about the entire office area. Conversely, when Plaintiff brought her grandchildren into the office, she was told that her grandchildren needed to stay in the front area.

K.      On occasion, Plaintiff would take her lunches with another Black female employee. After a few weeks of having lunch with her coworker, Plaintiff's supervisor instructed Plaintiff that she was no longer allowed to take lunch with her coworker. Conversely, two of Plaintiff's younger Caucasian employees were allowed to take lunch at the same time.

L.      Inappropriate racial comments and/or jokes were made in the workplace. For example, on a snowy day, Plaintiff made it into the office while some of her coworkers did not because of the snow. A human resources (hereinafter "HR") employee told Plaintiff that when she worked in Denver Colorado, "a big Black guy walked all the way to work during a snowstorm" or words to that effect. Similarly, a coworker commented regarding the George Floyd demonstrators that the police "should just hose them down" or words to that effect.

13.

Similar to Plaintiff, other employees of color were treated differently from Caucasian employees.

14.

A Black female coworker complained to her manager and to HR that racial jokes were being made around her in the workplace, that she was uncomfortable at work, and that she was being treated differently from others.

15.

Plaintiff made various reports and/or complaints to Defendant's HR and management, including but not limited to that she was being treated differently from other employees and that she was being retaliated against.

///

Page 5 – COMPLAINT

16.

Plaintiff's supervisor coached Plaintiff in or about March of 2022 regarding alleged interpersonal issues between Plaintiff and her coworkers.

17.

In or about April of 2022, Plaintiff requested intermittent leave under the Family & Medical Leave Act ("FMLA") and/or the Oregon Family Leave Act ("OFLA") for her serious medical condition.

18.

Plaintiff generally would arrive approximately one hour before most of her coworkers. Defendant's parking lot was shabby and the lines between the spaces were difficult if not impossible to see. When she arrived at work, Plaintiff usually parked in the same location every day. On or about April 22, 2022, Plaintiff and another coworker received an email from a Caucasian female coworker instructing them to be mindful of where they park because the Caucasian female coworker allegedly had nowhere to park when she arrived to work that morning.

19.

Later that day, HR called Plaintiff and the complaining Caucasian coworker to discuss the parking issue. Plaintiff explained that she did not realize there was problem with her parking and that there was plenty of space to park in the next row. Plaintiff's coworker responded that Plaintiff was "making her yell" or words to that effect. Plaintiff's coworker also stated that she is afraid of Plaintiff and that Plaintiff is "loud" or words to that effect. In response, Plaintiff asked, "is this because of my race?" or words to that effect. Plaintiff's coworker began crying and left the room. The HR representative followed her out, leaving Plaintiff in the room alone. Eventually, Plaintiff went back to her desk to continue working.

20.

Shortly thereafter, Plaintiff approached the HR representative stating that she felt the situation was "about discrimination" or words to that effect. The HR

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

representative responded that she "did not take it that way" or words to that effect. Plaintiff went back to work, but then asked to work from home the rest of the day because she was upset, embarrassed, and felt unsupported.

21.

On or about April 22, 2022, Plaintiff sent an email to Karen Marshall, Defendant's Practice Manager, stating that she felt she was being subjected to discriminatory treatment.

22.

On or about April 26, 2022, Plaintiff sent an email to the HR representative alleging she was being subjected to differential treatment, bias, microaggressions, stereotyping, and racism during her employment with Defendant. Plaintiff offered to answer questions. To Plaintiff's knowledge, Defendant failed to start an investigation regarding her complaint.

23.

On or about June 8, 2022, Plaintiff's manager sent an email to Plaintiff stating that Plaintiff was not parked within the lines of her parking spot and instructed Plaintiff to re-park her car.

24.

Defendant put Plaintiff on a "Final Warning/Last Chance Agreement" on or about June 15, 2022. Defendant stated that "we believe you have instigated [several interpersonal disputes] and unreasonably made otherwise routine work interactions and exchanges into personal attacks or accusations of bias." The Final Warning/Last Chance Agreement also referenced an alleged HIPAA violation that occurred on or about April 25 and April 26, 2022.

25.

Defendant terminated Plaintiff's employment on or about September 23, 2022.

///

Page 7 – COMPLAINT

26.

Plaintiff filed a complaint with the Civil Rights Division of Oregon's Bureau of Labor and Industries ("BOLI") on or about November 8, 2022. The complaint was dually filed with the U.S. Equal Employment Opportunity Commission ("EEOC") under Title VII of the Civil Rights Act and the Age Discrimination in Employment Act ("ADEA"). BOLI found substantial evidence of an unlawful employment practice under ORS 659A.030 based on Plaintiff's race and age. The claims filed with the agencies that are contained in this Complaint have been filed within the agencies' prescribed deadlines.

### First Claim for Relief
### 42 U.S.C. § 1981 – Discrimination

27.

Plaintiff realleges paragraphs 1 through 26 above as fully set forth herein.

28.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment, disciplining Plaintiff, providing Plaintiff with negative performance reviews, micromanaging her, subjecting her to a hostile work environment including microaggressions, and/or terminating her employment on the basis of her race in violation of 42 U.S.C. § 1981.

29.

As a result of Defendant's violations of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

///

BAKER LAW PC
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800

30.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, anxiety, emotional pain, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

31.

Defendant's conduct was willful, malicious, and/or done with reckless indifference to Plaintiff's federally protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

32.

Plaintiff is entitled to recover her costs and attorney fees pursuant to 42 U.S.C. § 1988.

33.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under federal law.

## <u>Second Claim for Relief</u>

### ORS 659A.030 – Discrimination

34.

Plaintiff realleges paragraphs 1 through 33 above as fully set forth herein.

35.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment, disciplining Plaintiff, providing Plaintiff with negative performance reviews, micromanaging her, subjecting her to a hostile work environment including microaggressions, and/or terminating her employment on the basis of her race, age, and/or sex in violation of ORS 659A.030.

///

Page 9 – COMPLAINT

36.

As a result of Defendant's violations of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

37.

As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer mental stress, anxiety, emotional pain, humiliation, inconvenience, and loss of enjoyment of life all to her non-pecuniary loss in an amount to be determined at trial.

38.

Defendant's conduct was and is willful, malicious, and/or done with reckless indifference to Plaintiff's state protected rights. Defendant should be assessed punitive damages in an amount to be determined at trial.

39.

Plaintiff is entitled to recover her costs and attorney fees pursuant to ORS 659A.885 and ORS 20.107.

40.

Plaintiff also seeks equitable relief including an injunction enjoining Defendant from engaging in any employment practice which constitutes unlawful discrimination and/or retaliation under state law.

### Third Claim for Relief

### 42 U.S.C. § 1981 – Hostile Work Environment

41.

Plaintiff realleges paragraphs 1 through 40 above as fully set forth herein.

///

Page 10 – COMPLAINT

42.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

43.

Plaintiff realleges her damages as stated in paragraphs 29 through 33 above.

## Fourth Claim for Relief

### ORS 659A.030 – Hostile Work Environment

44.

Plaintiff realleges paragraphs 1 through 43 above as fully set forth herein.

45.

Defendant's conduct had the purpose and effect of creating an intimidating, hostile, and offensive work environment, and had the purpose and effect of unreasonably interfering with Plaintiff's work performance, and otherwise adversely affected her employment opportunities.

46.

Plaintiff realleges her damages as stated in paragraphs 36 through 40 above.

## Fifth Claim for Relief

### 42 U.S.C. § 1981 – Retaliation

47.

Plaintiff realleges paragraphs 1 through 46 above as fully set forth herein.

48.

Defendant discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's good faith reporting and/or opposition to unlawful employment practices that violated 42 U.S.C. § 1981.

///

Page 11 – COMPLAINT

49.

Plaintiff realleges her damages as stated in paragraphs 29 through 33 above.

## Sixth Claim for Relief

### ORS 659A.030 – Retaliation

50.

Plaintiff realleges paragraphs 1 through 49 above as fully set forth herein.

51.

Defendant discriminated against Plaintiff in the terms and conditions of her employment in substantial motivating part due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices that violated ORS 659A.030.

52.

Plaintiff realleges her damages as stated in paragraphs 36 through 40 above.

## Seventh Claim for Relief

### 29 U.S.C. § 2615 – FMLA Interference, Discrimination, and/or Retaliation

53.

Plaintiff realleges paragraphs 1 through 52 above as fully set forth herein.

54.

At all material times, Defendant employed at least 50 employees in the United States.

55.

At all material times, Plaintiff worked at least 1,250 hours during the 12-month period immediately preceding the leave.

56.

Plaintiff inquired about, utilized, and/or attempted to utilize leave that was protected under federal law.

57.

As set forth above, Defendant denied, interfered with, discriminated against, and/or retaliated against Plaintiff for invoking, utilizing, and/or attempting to

Page 12 – COMPLAINT

utilize leave protected under the Family and Medical Leave Act ("FMLA") by discouraging or preventing Plaintiff from taking leave and/or by taking adverse employment action against Plaintiff, including but not limited to subjecting her to disparate treatment, disciplining Plaintiff, providing Plaintiff with negative performance reviews, micromanaging her, subjecting her to a hostile work environment, and/or terminating her employment.

58.

As a result of Defendant's violation of the law, Plaintiff has incurred economic damages including but not limited to lost wages, loss of increased pay, loss of future income, loss of paid time off, loss of or reduction in retirement benefits, loss of fringe benefits, loss of prestige, and/or loss of future job opportunities, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future.

59.

Plaintiff is entitled to interest on the amount of damages alleged in paragraph 58 calculated at the prevailing rate pursuant to 26 U.S.C. § 2617(a)(1)(A)(ii).

60.

Plaintiff is entitled to liquidated damages equal to the sum of the amount described in paragraph 58 plus the interest described in paragraph 60 pursuant to 26 U.S.C. § 2617(a)(1)(A)(iii).

61.

Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements pursuant to 26 U.S.C. § 2617(a)(3).

### Eighth Claim for Relief

### 42 U.S.C. § 12112 – Disability/Perceived Disability Discrimination

62.

Plaintiff realleges paragraphs 1 through 61 above as fully set forth herein.

Page 13 – COMPLAINT

63.

At all material times, Plaintiff was a qualified person with a disability as defined by 42 U.S.C. § 12102.

64.

Defendant knew about Plaintiff's disability at all material times.

65.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

66.

Defendant took adverse employment actions against Plaintiff in violation of her federally protected rights, including but not limited to subjecting her to disparate treatment, disciplining Plaintiff, providing Plaintiff with negative performance reviews, micromanaging her, subjecting her to a hostile work environment, and/or terminating her employment. Defendant's actions were motivated by Plaintiff's disability/perceived disability and constitute unlawful disability discrimination in violation of 42 U.S.C. § 12112.

67.

Plaintiff realleges her damages as stated in paragraphs 29 through 33 above.

### Ninth Claim for Relief

### ORS 659A.112 – Disability/Perceived Disability Discrimination

68.

Plaintiff realleges paragraphs 1 through 67 above as fully set forth herein.

69.

At all material times, Plaintiff is a qualified person with a disability as defined by ORS 659A.104.

///

Page 14 – COMPLAINT

70.

Defendant knew about Plaintiff's disability at all material times.

71.

Alternatively, Defendant perceived Plaintiff to be disabled and/or Plaintiff had a record of such disability.

72.

Defendant took adverse employment actions against Plaintiff in violation of her state-protected rights, including but not limited to subjecting her to disparate treatment, disciplining Plaintiff, providing Plaintiff with negative performance reviews, micromanaging her, subjecting her to a hostile work environment, and/or terminating her employment. Plaintiff's disability and/or perceived disability were but for causes of Defendant's adverse employment actions in violation of ORS 659A.112.

73.

Plaintiff realleges her damages as stated in paragraphs 36 through 40 above.

## Tenth Claim for Relief

### 42 U.S.C. § 12112 – Retaliation

74.

Plaintiff realleges paragraphs 1 through 73 above as fully set forth herein.

75.

Defendant retaliated against Plaintiff in the terms and conditions of her employment due to Plaintiff's good faith reporting and/or opposition to unlawful employment practices which violated 42 U.S.C. § 12112 and/or her engagement in protected activities, including but not limited to requesting reasonable accommodations.

///

Page 15 – COMPLAINT

76.

Plaintiff realleges her damages as stated in paragraphs 29 through 33 above.

### Eleventh Claim for Relief

**ORS 659A.109 – Disability/Perceived Disability Retaliation**

77.

Plaintiff realleges paragraphs 1 through 76 above as fully set forth herein.

78.

Plaintiff engaged in protected activity under ORS 659A.109, including but not limited to requesting reasonable accommodations and attempting to engage in the interactive process for her medical conditions.

79.

Defendant retaliated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment, disciplining Plaintiff, providing Plaintiff with negative performance reviews, micromanaging her, subjecting her to a hostile work environment, and/or terminating her employment in violation of ORS 659A.109 for engaging in protected activity.

80.

Plaintiff realleges her damages as stated in paragraphs 36 through 40 above.

### Twelfth Claim for Relief

**42 U.S.C. § 623(a) – Age Discrimination**

81.

Plaintiff realleges paragraphs 1 through 80 above as fully set forth herein.

82.

Defendant discriminated against Plaintiff in the terms and conditions of her employment, including but not limited to subjecting her to disparate treatment, disciplining Plaintiff, providing Plaintiff with negative performance reviews,

Page 16 – COMPLAINT

micromanaging her, subjecting her to a hostile work environment, and/or terminating her employment because of her age in violation of 42 U.S.C. § 623.

83.

On information and belief, Plaintiff understands she was replaced by someone outside her protected class.

84.

As a result of Defendant's violation of the law, Plaintiff has incurred economic damages including but not limited to back wages and benefits, in an amount to be proven at trial. Plaintiff will continue to have lost income and benefits into the future pursuant to 42 U.S.C. § 623(b).

85.

In perpetrating the above actions, Defendant acted willfully, intentionally, and knowingly. As such, Plaintiff is entitled to liquidated damages for Defendant's violation of her ADEA rights in an amount equal to the sum of Plaintiff's back wages and benefits, plus prejudgment interest thereon pursuant to the ADEA.

86.

Plaintiff is entitled to recover her reasonable attorney fees, expert fees, costs, and disbursements pursuant to 42 U.S.C. § 623(b).

## **Thirteenth Claim for Relief**
### **42 U.S.C. § 623(d) – Retaliation**

87.

Plaintiff realleges paragraphs 1 through 86 above as fully set forth herein.

88.

Defendant discriminated against Plaintiff in the terms and conditions of her employment because of Plaintiff's good faith opposition to unlawful employment practices that violated 42 U.S.C. § 623.

89.

Plaintiff realleges her damages as stated in paragraphs 84 through 86 above.

Page 17 – COMPLAINT

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.   For permanent injunctive relief enjoining Defendant, its officers, employees, and agents from engaging in any harassment or discrimination, or for retaliating against any employee opposing unlawful employment practices;

2.   Economic damages and future losses to be determined at trial;

3.   Non-economic damages to be determined at trial;

4.   Liquidated damages to be determined at trial;

5.   Prejudgment and post-judgment interest;

6.   Punitive damages in an amount to be determined at trial;

7.   Reasonable costs and attorney fees; and

8.   For such other and further relief as the Court may deem just and equitable.


DATED this 2nd day of February, 2024.


BAKER LAW PC


*s/ Serena L. Liss*
Aaron W. Baker, OSB No. 922220
Serena L. Liss, OSB No. 154799
Attorneys for Plaintiff

**BAKER LAW PC**
1000 SW BROADWAY
SUITE 2300
PORTLAND, OR 97205
(503) 234-8800